[Crim. No. 1473.    Second Appellate District, Division Two.—May 12, 1927.]

THE PEOPLE, Respondent, v. GEORGE W. RICE, Appellant.

[1] CRIMINAL LAW — LEWD AND LASCIVIOUS ACTS — INSANITY — COMMITMENT TO STATE HOSPITAL—ORDER DIRECTING RETURN OF DEFENDANT FOR TRIAL—READING OF—ABSENCE OF PREJUDICIAL ERROR. In a prosecution for the crime of having committed lewd and lascivious acts upon the body of a child, where the defendant had been found by a jury to be insane and committed to a state hospital, a subsequent order directing the return of defendant from the hospital for trial on the ground that he had become sane was unnecessary and was improperly read in the presence of the jury trying him on the criminal charge, but the error was not of such consequence as to warrant a retrial of the case, and this is particularly true in view of the fact that at no time during the trial of the criminal charge did the defendant or anyone else ask that the then mental status of the defendant be submitted to a jury.

[2] ID.—RETRIAL—JURISDICTION—INSANITY.—In such prosecution, the contention of the defendant that the trial court was without jurisdiction to retry the case, until the question of the mental status of the defendant was determined by some sort of a judicial inquiry, is without merit.

[3] ID.—MENTAL STATUS OF DEFENDANT—DISCRETION.—The question of the mental status of the defendant at the time of the trial is one submitted largely to the discretion of the trial court.

---

3.  See 8 Cal. Jur. 895.

[4] ID.—INSANITY—TRIAL ON CRIMINAL CHARGE—RECORD—ABSENCE OF
PREJUDICE.—In such prosecution, where no application was made
by any person to submit the question of the then mental status
of the defendant to the jury for determination and no objection
was made at the opening of the trial to a proceeding therewith
by the defendant, any irregularities, if there were such, in the
procedure leading up to the bringing of the defendant from the
state hospital before the superior court for trial were immaterial
and of no consequence, and did not in any way affect his sub-
stantial rights.

---

(1) 16 C. J., p. 790, n. 44; 17 C. J., p. 287, n. 61.   (2) 16 C. J.,
p. 790, n. 41.   (4) 17 C. J., p. 278, n. 75.

APPEAL from a judgment of the Superior Court of San
Diego County and from an order denying a new trial.
Franklin J. Cole, Judge Presiding.   Affirmed.

The facts are stated in the opinion of the court.

J. E. O'Keefe for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy
Attorney-General, and Warner I. Praul for Respondent.

MURPHEY, J., *pro tem.*—On the twentieth day of January,
1926, appellant Rice was charged by an information filed by
the district attorney of San Diego County with the commis-
sion of lewd and lascivious acts upon the body of a child.
Before the trial of the appellant a doubt arose in the mind
of the court as to his sanity, and the question was submitted
to a jury, which found the appellant insane.   The defend-
ant was then committed to the state hospital for the insane
at Napa, California.   Subsequently and on the twenty-
seventh day of August, 1926, an order was made by the
superior court directing the return of the defendant and
appellant from the Napa state hospital for the insane.   Pur-
suant to said order appellant was returned and tried in said
court with the offense charged in the information aforesaid.
This appeal is prosecuted by the appellant from a judgment
of conviction and from an order denying his motion for a
new trial.
   [1]   The appellant's main contention in this trial is that
the procedure contemplated by sections 1367–1370 of the

Penal Code of this state was not complied with in returning the defendant from the state hospital at Napa to the superior court in San Diego for trial. Section 1372 of the Penal Code provides that: "Defendant detained in hospital until he becomes sane. If the defendant is received into the state hospital he must be detained there until he becomes sane. When he becomes sane, the superintendent must certify that fact to the sheriff and district attorney of the county. The sheriff must thereupon, without delay, bring the defendant from the state hospital, and place him in proper custody until he is brought to trial or judgment, as the case may be, or is legally discharged."

There is nothing in the record in this case to show upon what information the court acted in making the order directing the sheriff to return the appellant from the state hospital at Napa. Presumably the sheriff or the district attorney received information as to defendant's sanity from the superintendent of the state hospital and submitted it to the court. It is our opinion that under the law the order of the court was unnecessary. No certificate or other writing is to be found in the record indicating that the superintendent of the state hospital had conveyed to either the sheriff or the district attorney his judgment and conclusion as to the mental status of the defendant. It is suggested in the record that letters were received from the superintendent conveying this information, although such letter or letters were not introduced at the time of the trial. The recitals in the order made by the judge indicate that he had been informed that the superintendent had declared the appellant sane and presumably this information came through the regular channels. In any event, in response to the order made by the judge the defendant was brought before the court for trial and the respective parties announced themselves ready to proceed with the trial. No objection or suggestion that the defendant at that time was insane was made to the court. The defendant was permitted by the court to offer a further defense to the effect that at the time of the alleged commission of the act complained of in the information the defendant was insane, and it was announced by counsel for defendant at the opening of the trial that such would be the defense relied upon by the defendant. At no time during the course of the trial did

the defendant object to proceeding therewith upon the ground that at the time of the trial the defendant was insane, but all objections were directed to the fact that the proceedings leading up to and resulting in removing the defendant from the state hospital to the county of San Diego for trial were irregular and not warranted by law. During the course of the trial and as a part of the record in the case the order made by the court directing that the defendant be brought before the court for trial was read in the presence of the jury and is as follows:

"Order Directing Return of Defendant from Napa State Hospital for the Insane.

"The defendant above named, George W. Rice, having heretofore been duly and regularly arraigned before the above-entitled court upon an information charging and accusing the said defendant with the commission of a felony, to-wit, sex perversion, and upon the arraignment, so as aforesaid, it having been made to appear to the above-entitled court that a doubt had arisen in the mind of the court as to the sanity of the above named defendant, George W. Rice, the Court, on the 25th day of May, 1926, made an order in the above entitled action directing that the question as to the sanity of the said defendant be submitted to a jury and suspending further proceedings upon the trial until the question of said defendant's sanity should be determined by the verdict of the jury, and on the date last aforesaid a jury having been called by the Court from the venire duly and regularly in attendance upon said court, and the said issue of sanity being submitted to the said jury, and evidence, both oral and documentary, having been introduced on behalf of said defendant and on behalf of said plaintiff, the People of the State of California and the cause having been submitted to the jury for its consideration and decision, and said jury having thereafter found, rendered and returned a verdict finding the said defendant then and there insane, and an order having thereafter, to-wit, on the 26th day of May, 1926, been made by the above-entitled court ordering and directing that the trial of the said defendant upon such alleged offense be and the same was thereby suspended until said defendant became sane, and further ordering and directing that said defendant, George W. Rice, be committed to and confined in the Napa State

Hospital for the Insane at Napa, California; and further ordering and directing that the sheriff of the county of San Diego take, convey and deliver said defendant, George W. Rice, to the Superintendent of said State Hospital for the Insane at Napa, California, to be held, and confined therein as an insane person. And it appearing that in pursuance of the order of the court so as aforesaid made, the Sheriff of the County of San Diego, State of California, thereafter did take, convey and deliver said defendant, George W. Rice, into the custody of the said Superintendent of said State Hospital for the Insane at Napa, California, and that the said George W. Rice, is now confined in said State Hospital at Napa, California. And it further appearing to the Court that the said George W. Rice was admitted to said hospital on the 2nd day of June, 1926, and that thereafter on or about the 11th day of August, 1926, the said defendant, George W. Rice, was, by the Medical Superintendent of said State Hospital for the Insane at Napa, California, found to be and declared to be restored to reason and sanity; and it further appearing that the said George W. Rice is now sane. And the Court having in such aforesaid order ordered and directed that the said George W. Rice, upon his becoming sane, be redelivered to the Sheriff of the County of San Diego, State of California, to be by him thereupon brought before the above entitled Court for further order and disposition herein; It Is Now, Therefore, Ordered, Adjudged and Decreed, that the said Sheriff of the County of San Diego, State of California, proceed with all convenient dispatch to the said State Hospital for the Insane at Napa, California, and demand, take and receive into his custody the said George W. Rice, and bring him, the said George W. Rice, before this Court for further order herein. And it is further ordered and directed that the said Superintendent of the said State Hospital for the Insane at Napa, California, upon receipt of a certified copy of this order, deliver up into the custody of the Sheriff of the County of San Diego, the said defendant herein, George W. Rice, to be by the said Sheriff thereupon brought before this Court for further order herein.

"Done in open court, this 27th day of August, 1926.

"C. N. ANDREWS,

"Judge of said Superior Court."

The defendant objected to the reading of this order in the presence of the jury, contending that it was hearsay and not admissible in evidence. At no time was there any suggestion that the order was read as evidence in the case, but simply as a record in the proceedings. There was no issue properly before the trial court as to the then mental condition of the defendant except in so far possibly as it might be a circumstance to be considered by the jury in determining the real issue in the case as to the mental responsibility of the defendant at the time of the commission of the offense charged in the information. In our opinion this order was entirely unnecessary and was improperly read in the presence of the jury, but the error was not of such consequence in our judgment as to warrant a retrial of the case, and this is particularly true in view of the fact that at no time during the trial did the defendant or anyone else ask that the then mental status of the defendant be submitted to a jury.

[2] The contention of the defendant that the court was without jurisdiction to retry the case until the question of the present mental status of the defendant was determined by some sort of a judicial inquiry is without merit and was directly determined against the defendant in the case of *People* v. *Farrell,* 31 Cal. 576. There the court stated that it was the contention of the defendant that it was error ''for the court to proceed to the trial of the case without having first instituted some sort of judicial inquiry into the present sanity of the defendant, which would have resulted in a formal reversal or vacation of the previous judgment of the court that he was insane; or, in other words, that the verdict and judgment of the previous term to the effect that the defendant was then insane operated as a bar to any further proceedings until formally vacated upon a further proceeding of some sort confined to the consideration of the same question. If such was the law, the proper time to make the question was before the trial was commenced. But such is not the law. The statute requires no such proceeding.'' It may be said here that the statute in force at the time the decision in the case of *People* v. *Farrell, supra,* was decided was substantially the same as the present statute upon that subject. The court further proceeded: ''At the previous term, upon the findings of the jury that the defendant was insane, the court made an order committing him to

the custody of the officers of the insane asylum, pursuant to the provisions of section five hundred and eighty-nine. It is provided in the five hundred and ninety-first section that when the defendant has become sane the person or persons to whose custody he may have been committed shall give the Sheriff and District Attorney of the proper county notice of the fact, and that the Sheriff shall thereupon proceed, without delay, to take him from the custody of such persons and place him in the proper custody until he be brought to trial or judgment. Whether this course was pursued in this case the record fails to show, but the presumption is that it was. But whether it was or not is of no consequence, for in either event the result would be the same. When a defendant once found insane is called for trial a second time, if there is any doubt as to his sanity, and the people demand a trial, the court proceeds as at first, and tries the question of sanity anew, and so on to the end, as often as occasion may require.''

It is our conclusion that when the defendant was tried on the issue as to his then sanity that trial supplanted the trial on the felony charge, and the trial upon that charge was merely suspended; that at no time did the court lose jurisdiction to proceed with the trial upon the information when the defendant was brought before the court for trial through official channels.

We are satisfied from the entire record that the defendant was properly brought before the court for trial on the information, after having been committed to the state hospital, and that at all times the court had jurisdiction to proceed with the trial, that no error affecting the substantial rights of the defendant was committed during the trial of the case.

[3] The question of the mental status of the defendant at the time of the trial is one submitted largely to the discretion of the trial court. In the case of *People* v. *Keys*, 178 Cal. 794, at page 802 [175 Pac. 6, at page 9], the court says: ''The right to a jury trial in proceedings inaugurated under said section 1368 is addressed to the sound discretion of the judge before whom the cause is pending and the showing must be sufficient to create a doubt in the mind of the judge as to the sanity of the defendant before he is required to submit the question to a jury.'' [4] In the instant case no application was made by any person to submit the ques-

tion of the then mental status of the defendant to a jury for determination; in the absence of any such request and where no objection was made at the opening of the trial to proceeding therewith by the defendant, any irregularities, if there were such, in the procedure leading up to the bringing of the defendant from the state hospital before the superior court for trial, were immaterial and of no consequence, and did not in any way affect his substantial rights.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.